# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DARCY ARRIOLA KINDSCHY,<br><br>                Petitioner,<br><br>    v.<br><br>NANCY BERRYHILL,<br>Acting Commissioner of Social Security Administration,<br><br>                Respondent. | Case No. 1:17-cv-00445-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Pending before the Court is Respondent's Motion to Dismiss for untimeliness and improper venue, filed on January 18, 2018. (Dkt. 11.) All parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Dkt. 10.) The parties have fully briefed the motion and it is now ripe for the Court's consideration. Having reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding

**MEMORANDUM DECISION AND ORDER - 1**

delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the motion will be decided on the record before this Court without oral argument. Dist. Idaho L. Rule 7.1(d).

The Court will dismiss the petition for review, for the reasons explained below.

## STATEMENT OF FACTS

Petitioner Darcy Kindschy filed an application for disability insurance benefits on April 17, 2013, alleging a disability onset date of May 27, 2005, due to temporal mandibular joint arthroplasty, degenerative disk disease, Sjorgen's syndrome, and fibromyalgia. (Dkt. 12-1 at 8, 10–11.) Petitioner's application was denied initially and upon reconsideration, and a hearing was held on November 3, 2014. *Id.* On February 18, 2016, Administrative Law Judge (ALJ) Christopher R. Inama issued his decision denying Petitioner's claim for benefits under Title II of the Social Security Act. (Dkt. 12-1 at 5–17.) Petitioner timely requested review by the Appeals Council, which denied her request for review on May 31, 2017. (Dkt. 12-1 at 18.) The Appeals Council's decision constituted a final decision appealable to this Court. 42 U.S.C. § 405(g), (h).

The Appeals Council notice informed Petitioner of her right to file a civil action within 60 days if she disagreed with the decision, and that the 60-day period would commence five days after the date printed on the notice.[1] (Dkt. 12-1 at 19.); *see also* 20 C.F.R. § 422.210(c). The notice informed Petitioner that, if she could not file a civil action within those 60 days, she could request that the Appeals Council extend the 60-day

---

[1] Since the Notice was dated May 31, 2017, and taking the five mailing days into consideration, the 60-day filing period was set to expire on Friday, August 4, 2017.

period. *Id.* The notice provided also that, if Petitioner waited more than 60 days to make this request, she would need to establish good cause for why her request was untimely. *Id.*

Petitioner retained an attorney on June 30, 2017, and provided the attorney with the necessary information to file a civil action. (Dkt. 12-1 at 24.) On October 24, 2017, Petitioner's attorney commenced this action by filing a Petition for Review. (Dkt. 1.)

Petitioner's attorney additionally filed a Statement of Good Cause explaining why the filing was untimely. *Id.* Petitioner's attorney explained that she was too busy with other cases to file Petitioner's civil action in a timely manner. *Id.* On October 26, 2017, two days after she had initiated a civil action in this Court on behalf of Petitioner, Petitioner's attorney sent a written request to the Appeals Council asking for a retroactive extension of the 60-day period. (Dkt. 12-2 at 21.) Petitioner's attorney explained she was not able to file the request for an extension of time earlier due to her "heavy workload." (Dkt. 12-1 at 27.) On January 3, 2018, the Appeals Council denied the request for an extension of time, stating that Petitioner's attorney had not presented good cause to justify the late filing. *Id.*

Respondent filed a motion to dismiss on January 18, 2018, requesting dismissal of Petitioner's action as untimely. (Dkt. 11.) Alternatively, Respondent requests the Court dismiss Petitioner's action for improper venue. (Dkt. 11.) Petitioner's attorney filed a response explaining that Respondent would not be prejudiced by the allowance of an extension and that Petitioner should not be penalized for her attorney's "highly regrettable failure to timely file the claim." (Dkt. 14.) Petitioner argues the principle of

**MEMORANDUM DECISION AND ORDER - 3**

equitable tolling should apply on the grounds that there is minimal prejudice to Respondent for the delay.

## DISCUSSION

**1.     Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) provides that a party may move to dismiss a complaint on the grounds that it fails "to state a claim upon which relief can be granted."[2] To state a claim upon which relief can be granted, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). In ruling on a motion to dismiss for failure to state a claim, a court may consider not only the allegations of a complaint, but also the exhibits attached thereto and any concessions made by the plaintiff. *Vasquez v. Colvin,* 2014 WL 5761133 (C.D. Cal. Nov.5, 2014) (citing *Parks Sch. of Bus. v. Symington,* 51 F.3d 1480, 1484 (9th Cir.1995)).

Generally, expiration of the statute of limitations is properly raised as an affirmative defense in a responsive pleading. *Vernon v. Heckler*, 811 F.2d 1274, 1278 (9th Cir. 1987); *see also* Fed. R. Civ. P. 8(c). "However, a statute of limitations defense may be raised in a motion to dismiss and a claim may be dismissed as untimely 'when the running of the statute is apparent from the face of the complaint.'" *Bolden v. Colvin*, No.

---

[2] Although Respondent did not expressly cite to Fed. R. Civ. P. 12(b)(6) as a basis for bringing the motion to dismiss, the statute of limitations defense argued by Respondent arises under the rule. *Jablon v. Dean Witter & Co.*, 614 F.2d 677 (9th Cir. 1980) (the statute of limitations defense may be raised by a motion to dismiss). Rule 12(b)(6) applies in addition to Section 405(g), relied upon by Respondent. *See* 42 U.S.C. § 405(g).

**MEMORANDUM DECISION AND ORDER - 4**

14CV1380 BEN JMA, 2015 WL 450522, at *2 (S.D. Cal. Feb. 3, 2015) (quoting *Vernon* at 1278). "[S]uch a motion to dismiss should be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." Vernon, 811 F.2d at 1278 (quoting Conerly, 623 F.2d at 119) (internal quotations omitted).

2. **Sixty-Day Statute of Limitations**

The Court's jurisdiction allowing judicial review of claims involving the denial of disability benefits arises under Title II and Title XVI of the Social Security Act, pursuant to 42 U.S.C. §§ 405(g) and (h). Section 405(g) provides that, after receiving a final decision of the Commissioner, the claimant may file a civil action requesting judicial review of that decision within 60 days after receiving notice of the final decision. 42 U.S.C. § 405(g). Section 405(h) provides that the decision of the Commissioner made after a hearing will be binding. 42 U.S.C. § 405(h).

The 60-day period to file a civil action is not jurisdictional, but rather constitutes a statute of limitations. *Vernon v. Heckler*, 811 F.2d 1274, 1277 (9th Cir. 1987). The 60-day statute of limitations set forth in Section 405(g) "is a condition on the waiver of sovereign immunity and thus must be strictly construed." *Bowen v. City of New York*, 476 U.S. 467, 479 (1986). For that reason, "courts have dismissed actions filed only days after the expiration of this statute of limitations." *Bolden v. Colvin*, No. 14CV1380 BEN JMA, 2015 WL 450522, at *3 (S.D. Cal. Feb. 3, 2015) (citing *Edmond v. Colvin*, 2014 WL 4964309, at *3 (C.D.Cal. Aug.29, 2014); *see Tate v. United States*, 437 F.2d 88, 89 (9th Cir. 1971) (Ninth Circuit Court of Appeals affirmed the district court's dismissal of

**MEMORANDUM DECISION AND ORDER - 5**

the claimant's petition that was filed only *two* days after the 60-day period had expired); *see also Atherton v. Colvin*, No. CV13-4870-AS, 2014 WL 580167, at *2 (C.D. Cal. Feb. 12, 2014) (Claimant's petition for judicial review was dismissed as untimely when it was filed only four days after the 60-day period had expired).

If a claimant needs additional time to file a civil action, she may ask the Appeals Council for an extension of the 60-day period. *See* 20 C.F.R. § 404.909(b). If a claimant makes a request for additional time outside of the 60-day period, the claimant must establish good cause[3] for why she missed the deadline. *Id.* While the regulations allow the Appeals Council to extend the period to file a request for judicial review when good cause is shown, the regulations also provide that the Appeals Council's denial of a claimant's request for an extension of time is not subject to judicial review. *See* 20 C.F.R. § 404.903(j); *see also Matlock v. Sullivan*, 908 F.2d 492, 493 (9th Cir. 1990).

Here, 42 U.S.C. § 405(g) required Petitioner to file her petition for review by August 4, 2017. Petitioner retained an attorney to assist her with filing a petition for judicial review well over one month before the 60-day limitations period was set to expire. Petitioner's attorney did not file the request for judicial review until October 24, 2017, more than two months *after* the 60-day period had expired. Additionally, the

---

[3] The Appeals Council will consider, among other things, the circumstances that prevented the claimant from making the request on time, whether the Appeals Council's action somehow misled the claimant, and whether the claimant had any physical, mental, educational, or linguistic limitations that prevented them from filing a timely request for extension. *See* 20 C.F.R. § 404.911(a). Examples of circumstances where good cause may exist include, among others, serious illness, death of an immediate family member, destruction of important records, or other unusual or unavoidable circumstances. *See* 20 C.F.R. § 404.911(b).

**MEMORANDUM DECISION AND ORDER - 6**

Appeals Council denied Petitioner's untimely request for an extension of time, finding no good cause existed for the late filing. Because it is apparent from the face of the petition that Petitioner did not timely file within the prescribed statutory period, and no request for extension had been granted, dismissal is appropriate.

3. **Equitable Tolling**

A claimant's failure to comply with the 60-day statute of limitations "may be excused if she can demonstrate that she is entitled to equitable tolling." *Atherton v. Colvin*, No. CV13-4870-AS, 2014 WL 580167, at *2 (C.D. Cal. Feb. 12, 2014) (citing *Bowen v. City of New York*, 476 U.S. 467, 479–80 (1986)). The United States Supreme Court has held that, "as a statute of limitations, the 60–day period is subject to equitable tolling." *Vernon v. Heckler*, 811 F.2d 1274, 1277 (9th Cir. 1987) (citing *Bowen* at 477). Equitable tolling "permits courts to deem filings timely where a litigant can show that 'he has been pursuing his rights diligently' and that 'some extraordinary circumstance stood in his way.'" *Atherton* at *4 (C.D. Cal. Feb. 12, 2014) (quoting *Torres v. Barnhart*, 417 F.3d 276, 279 (2d Cir.2005)). "Equitable tolling is appropriate 'where the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate.'" *Atherton* at *2 (quoting *Bowen* at 480) (internal quotation marks omitted). These cases are considered "rare" because "Congress imposed the statute of limitations 'to move cases to speedy resolution in a bureaucracy that processes millions of claims annually.'" *Atherton* at *2 (quoting *Bowen* at 481). Since the statute of limitations must be strictly construed, "the task of showing a basis for equitably tolling

the statute of limitations may also prove to be daunting." *Vernon v. Heckler*, 811 F.2d 1274, 1278 (9th Cir. 1987).

The case of *Bowen v. City of New York* is one of the rare cases where the equities in favor of tolling the statute of limitations were so great that deference to the agency's judgement would have been inappropriate. 476 U.S. 467 (1986). In *Bowen*, the 60-day period was tolled "when the Commissioner had enforced a secret policy that presumed…mentally disabled claimants retained sufficient residual functional capacity to do unskilled work." *Atherton* at *3 (citing *Bowen* at 481). The United States Supreme Court determined that equitable tolling was appropriate in *Bowen*, "because the Government's secretive conduct prevented plaintiffs from knowing of a violation of rights." *Id.* (citing *Bowen* at 481) (internal quotation marks omitted).

In contrast to *Bowen*, the petitioner's attorney in *Atherton v. Colvin* "did not manifest any concern [about the case]…until *over a month* after the filing deadline" had passed. No. CV13-4870-AS, 2014 WL 580167, at *3 (C.D. Cal. Feb. 12, 2014) (emphasis in original). Both the petitioner and her attorney failed to provide good cause for the late filing, and therefore failed to show that this was a rare case that justified equitable tolling of the 60-day statute of limitations. *Atherton* at *3. The court concluded that, "[g]iven counsels lack of reasonable diligence in ensuring…the Complaint was timely [filed]," equitable tolling of the 60-day period was inappropriate. *Id.* at *4 (quoting *Bowen* at 480). Expanding on the determination that attorneys must exercise reasonable diligence in ensuring that the petition for judicial review is timely filed, the Second Circuit Court of Appeals acknowledged in *Torres v. Barnhart* that "the failure of a retained attorney to

**MEMORANDUM DECISION AND ORDER - 8**

timely file a federal social security complaint does not necessarily constitute an extraordinary circumstance warranting equitable tolling." *Atherton* at *4 (quoting *Torres v. Barnhart*, 417 F.3d 276, 280 (2d Cir. 2005)).

Here, Petitioner has not established any extraordinary circumstances to justify tolling the 60-day statute of limitations, other than her attorney's lack of diligence. An attorney's heavy caseload does not constitute extraordinary circumstances warranting the equitable tolling of the 60-day statute of limitations. *Hammonds v. Bowen*, 870 F.2d 446, 448 (8th Cir. 1989) (finding no authority to support an exception to the 60-day requirement for a claimant whose attorney failed to appeal within that time).

Petitioner provided her attorney with the information necessary to file a petition requesting judicial review, and did so over one month before the expiration of the 60-day limitations period. Petitioner's attorney failed to file the petition for judicial review before the period expired, and failed to timely request an extension of the same. Similar to *Atherton*, Petitioner's attorney waited more than three months before filing the petition. An attorney with a heavy caseload is not unusual, rare, or extraordinary.

Accordingly, the 60-day limitations period contained within 42 U.S.C. § 405(g) requires dismissal of the Petition for Review.

## CONCLUSION

The Petition for Review is untimely. Because the Court will grant the motion to dismiss, the Court declines to address the alternative argument regarding improper venue.

**MEMORANDUM DECISION AND ORDER - 9**

## ORDER

Based upon the foregoing, the Court being otherwise fully advised in the premises,

**it is hereby ORDERED that** Respondent's Motion to Dismiss is **GRANTED** and Petitioner's Petition for Review is **DISMISSED with prejudice**.

DATED: March 30, 2018

Honorable Candy W. Dale
United States Magistrate Judge